# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| MAYORIE ROSAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1120 |
| | ) | |
| KOMATSU AMERICA CORPORATION | ) | |
| and CHRIS DUBOIS, | ) | Honorable Joe B. McDade |
| | ) | |
| Defendants. | ) | |

## **OPINION & ORDER**

Before the Court is Defendants' Second Motion to Dismiss (Doc. 16), which seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) of the claim set forth in Count V of Plaintiff's Second Amended Complaint (Doc. 14). The motion has been fully briefed and is ready for disposition. For the reasons stated below, the motion (Doc. 16) is DENIED.

**FACTUAL BACKGROUND**

Plaintiff Mayorie Rosas ("Rosas") has brought a five-count complaint alleging she was subjected to gender-related violence and discrimination at work due to her sex and race in violation of federal and Illinois law. The following relevant facts are taken from Rosas's Second Amended Complaint (Doc. 14) and are taken as true for the purpose of ruling on the instant motion.

Rosas is a Hispanic woman of Puerto Rican origin who speaks in a Spanish accent and has a distinct non-Caucasian appearance. She is a janitor at Defendant Komatsu America Corporation ("Komatsu") and has been so employed since 2011.

1

Throughout her employment at Komatsu she has been assaulted and subjected to consistent verbal and physical harassment by coworkers. In 2012, Rosas and other female coworkers complained to Komatsu's human resources department about the harassment. In response, Komatsu began timing the women's restroom breaks and limiting which restrooms women could use.

In 2012, Michael L. Collins ("Collins") became Rosas's immediate supervisor. Collins sexually harassed and abused Rosas verbally and physically for four years. In September 2014, Rosas complained directly to Defendant Chris DuBois ("DuBois"), Komatsu's Manager of Human Resources, about Collins's conduct. DuBois told Rosas he did not believe her and placed her on administrative leave.

Thereafter, DuBois conducted a shoddy investigation that had the effect of shielding Collins's conduct from upper management. He ignored, minimized, and/or misrepresented many of the incidents and complaints Rosas reported and failed to report Collins's behavior to his supervisor(s). He actively cleansed Rosas's report of facts that would have resulted in discipline of Collins and/or removal of Rosas from his immediate supervision. In addition, DuBois willfully ignored, denied, and/or mischaracterized statements made to him by witnesses that were corroborative of Rosas's complaints and contradictory to Collins's version of events. DuBois was also aware Collins was untruthful during the investigation of Rosas's complaints.

In September 2014, DuBois assured Collins that his job security and future employment were safe despite his conduct toward Rosas and that he could continue his conduct without fear of any repercussion. Specifically, DuBois communicated to Collins that his employment was safe even if he sexually harassed Rosas. He also

encouraged Collins to discipline Rosas more in future. After September 2014, Rosas experienced increased harassment from male coworkers. In August 2016, Collins threatened and disciplined Rosas in an extremely hostile manner. As a result, Rosas fell ill and had to be taken from work in an ambulance. Collins died in October 2016.

On March 21, 2018, Rosas instituted this action. Defendants now move the Court to dismiss the claim against DuBois set forth in Count V of the Second Amended Complaint (Doc. 14), which alleges gender-related violence in violation of the Illinois Gender Violence Act (IGVA). In a previous Opinion and Order, the Court dismissed this IGVA claim against DuBois but allowed Rosas to replead because the Court believed the deficiencies were factual and could be cured. (Doc. 9 at 10-13).

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though detailed factual allegations are not necessary, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must instead present sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.' " *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). This plausibility standard requires enough facts "to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Conclusory statements and labels are insufficient; enough facts must be provided to "state a claim to relief that is plausible on its face."

3

*Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted).

When ruling on a motion to dismiss for failure to state a claim, "the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009).

**DISCUSSION**

Defendants contend the facts alleged in the Second Amended Complaint (Doc. 14) do not present a plausible claim that DuBois committed gender-related violence against Rosas. Pursuant to the IGVA, liability for gender-related violence exists when one either personally commits an act of gender-related violence or personally encourages or assists such an act. 740 ILCS 82/10 (West 2014); *see also* 740 ILCS 82/5 (West 2014) (defining "gender-related violence"). Rosas contends DuBois personally encouraged and/or assisted the acts of gender-related violence that were personally committed by Collins.

To date, no Illinois court of review has defined the phrase "personally encouraging or assisting" as it appears in the IGVA. *See* 740 ILCS 82/10 (West 2014). However, the Illinois Appellate Court has concluded, in an unpublished, nonprecedential order, that failure to supervise, even where the defendant knew of gender-related violence perpetrated by one employee against another, "is not tantamount to encouragement or assistance." *Watkins v. Steiner*, 2013 IL App (5th) 110421-U, ¶¶ 13-14.

To aid in interpreting the IGVA, this Court (*see* Doc. 9) and other federal district courts have examined the definitions of the words "encourage" and "assist,"

4

which include "to inspire with courage, spirit, or hope," "to attempt to persuade," "to spur on," "to give help or patronage to," or "to give support or aid." *Merriam-Webster Dictionary* (October 9, 2018, 1:00 PM) http://www.merriam-webster.com/dictionary/encourage; *Merriam-Webster Dictionary* (October 9, 2018, 1:00 PM) http://www.merriam-webster.com/dictionary/assist; *see also Rosas v. Komatsu Am. Corp.*, No. 18-CV-1120, 2018 WL 3758564, at *5 (C.D. Ill. Aug. 8, 2018) (citing *Doe ex rel. Smith v. Sobeck*, 941 F. Supp. 2d 1018, 1028 (S.D. Ill. 2013)). The IGVA has therefore been interpreted to require more than inaction to impose liability on a defendant alleged to have encouraged or assisted another's acts of gender-related violence, which is consistent with the holding in *Watkins*. *Rosas*, 2018 WL 3758564, at *5.; *Sobeck*, 941 F. Supp. 2d 1018, 1027–28 (S.D. Ill. 2013); *Brownlee v. Catholic Charities of Archdiocese of Chi.*, No. 16-CV-00665, 2018 WL 1519155, at *11 (N.D. Ill. Mar. 28, 2018).

As this Court noted in its previous Opinion and Order (Doc. 9), the district court for the Northern District of Illinois found a complaint adequately alleged a defendant encouraged or assisted gender-related violence when it asserted the defendant "punish[ed] the complainants instead of taking action against the abuser." *Rosas*, 2018 WL 3758564, at *5 (citing *Cruz v. Primary Staffing*, Inc., No. 10 C 5653, 2011 WL 1042629, at *1 (N.D. Ill. Mar. 22, 2011)); *see also Smith v. Rosebud Farmstand*, 909 F. Supp. 2d 1001, 1009 (N.D. Ill. 2012) (finding a complaint sufficient where it asserted the defendant took no action against the alleged perpetrators of gender-related violence, "choosing to punish [the plaintiff] instead"); *cf. Stanfield v. Cook Cty.*, No. 10 C 6569, 2011 WL 3876955, at *2 (N.D. Ill. Sept. 1, 2011) (finding a

5

complaint sufficient where it alleged the plaintiff's supervisor, who knew "an employee [was] committing repeated acts of gender-related violence" against the plaintiff, "not only turn[ed] a blind eye to those actions but also promote[d] that employee").

In her amended complaint, Rosas alleged DuBois placed her on administrative leave in response to her report of Collins's behavior. (Doc. 14 at ¶ 39). She further alleged DuBois took no action against Collins and instead covered up Rosas's claims and advised him "that his employment was safe even if he sexually harassed Rosas." (Doc. 14 at ¶¶ 40-43). Taken together, these allegations present a claim that DuBois "punish[ed] [Rosas] instead of taking action against [Collins]," which, if proved, "could constitute encouragement or assistance." *See Rosas*, 2018 WL 3758564, at *5. Indeed, taking the latter allegations as true, DuBois's involvement could be interpreted as facilitation, *i.e.*, support or aid, of Collins's actions in that DuBois effectively quashed Rosas's complaints and communicated to Collins that his employment would not be adversely affected even if he continued to sexually harass Rosas, which could "spur on" continued sexual harassment.

## CONCLUSION

For the foregoing reasons, Defendants' Second Motion to Dismiss (Doc. 16), which seeks dismissal pursuant to Rule 12(b)(6) of the IGVA claim against DuBois set forth in Count V of Plaintiff's Second Amended Complaint (Doc. 14) is DENIED.

SO ORDERED.

Entered this 9th day of October 2018.

/s Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge